IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JERRY GILMORE, JR., #63824**                                          **PETITIONER**
**VERSUS**                            **CIVIL ACTION NO. 2:12-cv-44-KS-MTP**
**CHRISTOPHER EPPS**                                         **RESPONDENT**

**MEMORANDUM OPINION**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Gilmore, an inmate of the Mississippi Department of Corrections ("MDOC"), filed this *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] On August 3, 2012, Petitioner filed a response [12] regarding the exhaustion of his available state remedies as directed by the Court. Upon review of the Petitioner's pleadings and applicable case law, the Court finds this petition should be dismissed for failure to exhaust.

Background

Petitioner was convicted of sale of cocaine in the Circuit Court of Jones County, Mississippi, on April 2, 2009. As a result, Petitioner was sentenced to serve 30 years in the custody of the Mississippi Department of Corrections. Petitioner claims that as a non-violent offender he is eligible for parole release consideration. Petitioner argues that MDOC has deemed him ineligible for parole consideration based on a previous conviction for armed robbery.

An order [8] was entered directing Petitioner to file an amended petition to "specifically state if [he] has filed an appeal of his administrative remedy final response regarding his sentence calculation and claim that he is being denied a parole eligibility date with the state

---

[1] A state inmate's challenge to the administration of his sentence or his eligibility for good conduct time is properly pursued as a § 2254 petition. *See Propes v. Quarterman*, 573 F.3d 225, 230 (5th Cir. 2009); *Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991).

courts." Petitioner was also directed to "specifically state if he has filed (other than an appeal of his administrative remedy) any petitions, applications or motions with respect to his claim that his term of imprisonment is being incorrectly calculated in any court, state or federal" and Petitioner was directed to provide certain information about any filings. Petitioner was further directed to "state if he has filed a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29, regarding the claims presented in this habeas petition." Petitioner filed his response [12], wherein he states that he has not filed any actions with the state courts regarding the administration of his sentence and the claims presented in this suit.

## Analysis

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that Petitioner has failed to exhaust his available state remedies. Therefore, this petition for habeas relief will be dismissed.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or

>>(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * * * * * * *

>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

Clearly, the Petitioner has an available procedure to challenge MDOC's calculation of his sentence and determination of parole eligibility with the state courts of Mississippi.  *See Keys v. State*, 67 So.3d 758, 761 (Miss. 2011)(finding inmate may challenge parole eligibility as an original action in a circuit court); *McGovern v. Miss. Dep't of Corrections,* 89 So.3d 69, 71-72 (Miss. Ct. App. 2011)(inmate allowed to appeal MDOC's denial of administrative remedy regarding eligibility for parole consideration).  Since Petitioner clearly states that he has not pursued his claims, in any form, with the state courts, this habeas corpus petition will be dismissed, without prejudice, for failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

SO ORDERED, this the <u>13th</u> day of August, 2012.

>*s/ Keith Starrett*
>UNITED STATES DISTRICT JUDGE